UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN BROWN, JR. AND MATTHEW JURY, Individually, and on Behalf of all Others Similarly Situated,<br><br>　　　　　　　　　　　　　Plaintiffs,<br><br>　　　against-<br><br><br>TRUEBLUE, INC., f/k/a LABOR READY, INC. and LABOR READY NORTHEAST, INC.,<br>.<br><br><br>　　　　　　　　　　　　　Defendants. | Civil No.:1:10-cv-00514-YK<br><br>Chief Judge Yvette Kane |

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted in support of Plaintiffs' motion for an Order approving the Fair Labor Standards Act ("FLSA") action settlement in the amount of EIGHTY FIVE THOUSAND ($85,000.00) reached by the Parties in this litigation and approving attorneys' fees, inclusive of costs and disbursements.

Plaintiffs contend that the settlement is fair and the Parties have bona fide disputes over legal and factual issues. These issues include the appropriate statute of limitations applicable to Plaintiffs' claims; Defendants' liability for liquidated damages; the amount of hours Plaintiffs worked, the formula for calculating damages, and the correct measure of damages for all claims.

The settlement is fair due to the adversarial nature of the case; the Parties' extensive engagement in settlement negotiations; the Parties' representation by experienced counsel; the substantial discovery and litigation that has occurred informing the parties of the legal issues and evidence, and the amount of Plaintiffs' recovery.

In summary, the settlement is consistent with the public policy favoring settlement and the settlement amount is reasonable and appropriate.

## PROCEDURAL STATEMENT

This action was commenced on March 7, 2010 by the filing of the Complaint [Docket No. 1]. On May 17, 2010, issue was joined by service of an Answer. [Docket No. 16]. A Joint Case Management Plan was negotiated by the parties and presented to the Court [Docket No. 21]. During the next fifteen (15) months of litigation, the parties actively and extensively participated in discovery and motion practice including, but not limited to, engaging in discovery conferences with the Court; conducting three (3) full day depositions of both plaintiffs and a corporate officer of Defendant; served and responded to multiple sets of interrogatories and document requests served by each party; and engaged in the production and review of a significant volume of documents.

Plaintiffs filed two (2) motions for conditional FLSA collective and Rule 23 class certification [Docket Nos. 34 and 56]; Defendants affirmatively moved for an order to strike plaintiffs' evidence in support of their motions for class certification [Docket No. 46], which was opposed by Plaintiffs. [Docket No.72]; Defendants moved for an order for leave to file a Surreply in opposition to plaintiffs' two (2) pending certification motions [Docket No.61] Defendants filed a motion to Compel Arbitration [Docket No.63] ;Plaintiffs filed a brief in opposition to the motion to Compel Arbitration [Docket No.68]; Plaintiffs filed a motion for

Leave to File Surreply [Docket No.70];Plaintiffs filed a supplemental letter brief pursuant to Court Order [Docket No.73] ;Plaintiffs filed a Supplemental Letter Brief [Docket No.83] pursuant to Court Order [Docket No.79]; Plaintiffs appeared and presented oral argument in opposition to Defendant's motion to compel arbitration [Docket No.80,81]; Plaintiffs filed a motion and supporting brief for reconsideration of the Order compelling arbitration and staying the action[Docket No.86,87]; Plaintiffs filed a Reply to Defendant's opposition to the motion for reconsideration. [Docket No.91]; Plaintiffs appeared and presented oral argument in support of their motion for reconsideration. . [Docket No.95, 100]; Plaintiffs filed a supplemental letter brief pursuant to Court Order. [Docket No.96, 97];

After the Court denied Plaintiffs' motion for reconsideration, the parties proceeded to arbitration until a settlement, in principle, was reached.

## STATEMENT OF MATERIAL FACTS

LABOR READY is an international provider of temporary blue-collar staffing which pays its employees at the end of every work day. In order to get paid, upon completion of a job, a temporary worker brings LABOR READY a work ticket signed by the client. The worker is offered the option by LABOR READY of being paid by check or by cash voucher.

The voucher contains a PIN number that the employee must use at a cash dispensing machine (CDM) to get paid. At all relevant times, CDMs were located within each LABOR READY office/facility in Pennsylvania. The voucher lists the gross wages, withholdings and the LABOR READY fee for redeeming cash. The actual value of the voucher is the worker's net wages (after withholding) minus the transaction fee. Labor Ready charges the worker one dollar plus any change that would have been part of the day's wages. So, for example, if a worker's

after-tax wages were $44.85, upon accessing the CDM, the worker would be charged a transaction fee of $1.85 and receive $43.00 in cash.

Plaintiffs allege that under and pursuant to the Check Pennsylvania Cashier Licensing Act ("CCLA"), 63 P.S. § 2301, LABOR READY illegally charged Plaintiffs fees for cashing their paychecks. Plaintiffs further contend that the CDM fee plus change charged by LABOR READY also resulted in a violation of the Minimum Wage provisions of the FLSA. To illustrate, if Plaintiffs worked at the minimum wage of $7.25 per hour and worked 35 hours during the week, they would be entitled to gross pay of $253.75. By utilizing the CDM, a fee of @1.75 would be charged. This would reduce the hourly rate to $7.20 per hour, an amount less than prevailing minimum wage. The corporate records of LABOR READY and testimony of Plaintiff, STEPHEN BROWN, establishes that during the relevant statutory period, Mr. BROWN used the CDM on over 100 occasions and sustained approximate maximum FLSA damages, including liquidated damages and interest, of $300.00. The evidence demonstrated that Plaintiff, MATTHEW JURY, used the CDM less than 100 times. Parenthetically, during the years 2006-2009, approximately 835,276 vouchers were issued to 36,242 temporary LABOR READY workers in the Commonwealth of Pennsylvania.

## ARGUMENT

**POINT I.     THE APPLICABLE LEGAL STANDARD**

When employees bring a private action under the FLSA, and present to the district court a proposed settlement pursuant to that Act's § 216(b), the district court may enter a stipulated judgment if it determines that the compromise reached "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores. Inc. v. United States,* 679 F.2d 1350, 1354 (11th Cir.1982); *Bredbenner v. Liberty Travel, Inc.*, 2010 U.S. Dist.

LEXIS 38663, * 50-51 (D.N.J. Apr. 8, 2011); see also H.R. Rep. No. 101-644, at 18-19 (1990). While the Third Circuit has not directly addressed the factors to be considered in deciding motions for approval of FLSA settlements, district courts have typically looked to the considerations set forth in *Lynn's Food*, cited infra. See, e.g., *Kianpour v. Restaurant Zone, Inc.,* 2011 WL 3880463 (D. Md. 2011); Dees *v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1235-1237 (M.D. Fla. 2010)

In determining whether the compromise resolves a bona fide dispute, the Court must be reassured that the settlement "reflect[s] a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching," and the bona fide dispute must be determined to be one over "factual issues" not "legal issues such as the statute's coverage or applicability." *Lignore v. Hosp. of the Univ.of Pa.*, 2007 U.S. Dist. LEXIS 32169, * 13-14 (E.D. Pa. May 2, 2007); *Lynn's Food*, 679 F.2d at 1354.

**POINT II.    THE SETTLEMENT IS REASONABLE AND FAIR**

A district court should approve the settlement if, as here, the compromise is reasonable to the employee and furthers implementation of the FLSA in the workplace. *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010).

While factors for evaluating "fairness" of a settlement in an FLSA collective action have not been definitively set out by the Third Circuit, district courts in this Circuit have utilized the *Girsh* factors established for approving Rule 23 class action settlements, which are:

(1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) stage of the proceedings and the amount of discovery completed; (4) risks

of establishing liability; (5) risks of establishing damages; (6) risks of maintaining the class action through the trial; (7) ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

*Girsh v. Jepson*, 521 F.2d 153, 157-57 (3d Cir. 1975)

Plaintiffs submit that the terms and conditions of the Settlement are fair under the *Girsh* factors. The settlement provides multiples of the maximum relief available to each of the Plaintiffs under the FLSA. Under such circumstances, at least one Court in in *Thomas v. Louisiana*, 534 F.2d 613, 615 (5th Cir. 1976), held that a private settlement of FLSA claims was binding and enforceable where the settlement provided the employees "everything to which they are entitled under the FLSA at the time the agreement is reached."

Each of the Plaintiffs have been fully advised, in writing, as to all legal ramifications of the settlement and have evidenced their agreement and consent to the terms and conditions thereof, by executing a legal document in the presence of a notary public. (Exhibits "A" and "B")

In particular, Plaintiffs have been advised by their legal counsel, as follows:

"In connection with your FLSA claims, your maximum recovery under law, including liquidated damages and interest is less than $1,000.00. However, due to your cooperation, time expended and perseverance in acting as the putative class representative, my firm has voluntarily agreed that you shall receive TEN THOUSAND DOLLARS ($10,000.00) of the settlement proceeds for your extraordinary efforts in this matter."

The stage of the proceedings at which this settlement was reached also militates in favor of approval of the settlement. Counsel has conducted a thorough investigation into the facts; thoroughly investigated the claims before this action was filed and conducted extensive

discovery and motion practice, before being compelled to arbitrate the claims. Accordingly, the agreement to settle certainly did not occur until counsel possessed sufficient information to make an informed judgment regarding the likelihood of success on the merits and the results that could be obtained through further litigation.

This settlement is the result of extensive and hard fought negotiations. LABOR READY denies each and every one of the claims and contentions alleged in this action.  Defendant has asserted and continues to assert many defenses thereto, and has expressly denied and continues to deny any wrongdoing or legal liability arising out of the conduct alleged in the Complaint. Nonetheless,  LABOR READY has concluded that this action be settled in the manner and upon the terms and conditions set forth herein,in order to avoid the expense, inconvenience, and burden of further legal proceedings, and the uncertainties of trial and appeals.

Plaintiffs and their legal counsel recognize the expense and length of continuing to arbitrate these claims and also have taken into account the uncertain outcome and risk of litigation, especially in complex actions such as this action. Counsel is also mindful of and recognize the inherent problems of proof under, and alleged defenses to, the claims asserted in the action. Based upon their evaluation, Plaintiffs and Counsel have determined that the settlement is in the best interest of the Plaintiffs.

Here the litigation has been hard-fought with aggressive and capable advocacy on both sides. Accordingly, "[t]here is likewise every reason to conclude that settlement negotiations were vigorously conducted at arms' length and without any suggestion of undue influence." *In re Wash. Public Power Supply System Sec. Litig.*, 720 F. Supp. 1379, 1392 (D. Ariz. 1989). By reason of all of the foregoing, we submit that the settlement is a "reasonable   compromise of

disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching."  *Lynn's Food Stores*, 679 F.2d at 1354

In the judgment of Plaintiffs and their counsel, the proposed settlement is a fair and reasonable compromise of the issues in dispute in light of the strengths and weaknesses of each party's case. Accordingly, Plaintiffs respectfully request that the Court approve the settlement.

**POINT III.   THE PROPOSED PAYMENT OF ATTORNEYS' FEES IS REASONABLE**

The award of attorney's fees is an essential element of an FLSA action. The remedial nature of the Fair Labor Standards Act mandates fee shifting and payment of attorney's fees in cases in which the Plaintiff is successful in reaching resolution.  See *Uphoff v. Elegant Bath, Ltd.,* 176 F.3d 399, 406 (7th Cir.1999).  To determine the reasonableness of an attorneys' fee award in a FLSA collective action, judicial review is required "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement."  *Silva v. Miller,* 307 Fed.Appx. 349 (11th Cir.2009)  Here, the settlement satisfies both of those elements.

FLSA claims and wage-and-hour law enforcement through litigation has been found to be complex by the Supreme Court and lower courts.  See, e.g. *Barrentine v. Arkansas-Best Freight Sys.*, 450 U.S. 728, 743 (1981); *Lenahan v. Sears, Roebuck & Co.,* 2006WL 2085282 (D.N.J. 2006)  In the instant litigation, the issues and the settlement negotiations to resolve them contained complex factual and legal issues relating to minimum wage, fees for check cashing and application of Pennsylvania statutory law.

A settlement in the Plaintiff's favor is generally considered to be a "success" that requires the employer to pay attorney's fees reasonably incurred in the prosecution of the claim *Connolly*

*v. National School Bus Services, Inc.,* 177 F.3d 593, 595 (7th Cir.1999). Under Third Circuit law, a Court may evaluate the award of attorneys' fees through two established methods: (1) the lodestar approach, and (2) the percentage of the recovery approach. *In re Diet Drugs Product Liability Litig.*, 582 F.3d 524, 540 (3d Circ. 2009); *In re AT&T Corp.*, 455 F.3d 160, 164 (3d Circ. 2006). Here, Plaintiffs seek the lodestar approach be applied.

In determining what constitutes a reasonable attorney's fee award in the Third Circuit, a district court must consider ten factors: (1) the size of the fund created and the number of beneficiaries; (2) the presence or absence of substantial objections by members of the class to the settlement terms and/or fees requested by counsel; (3) the skill and efficiency of the attorneys involved; (4) the complexity and duration of the litigation; (5) the risk of nonpayment; (6) the amount of time devoted to the case by plaintiffs' counsel; (7) the awards in similar cases; (8) the value of benefits attributable to the efforts of class counsel relative to the efforts of other groups, such as government agencies conducting investigations; (9) the percentage fee that would have been negotiated had the case been subject to a private contingent fee arrangement at the time counsel was retained; and (10) any innovative terms of settlement.

*In re Diet Drugs*, 582 F.3d at 541 (citing *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 (3d Cir. 2000)

The fee of $65,000.00 to Plaintiffs' counsel in this case is reasonable. LABOR READY does not oppose the award requested by counsel and agrees that the number of hours that Counsel expended far exceeds that meager amount. Moreover, going forward from the filing of the instant application, through the date of final approval, distribution and dismissal, Plaintiffs'

counsel have agreed to render legal services without additional compensation. The freezing of those fees represents a significant savings to LABOR READY.

## IN CONCLUSION

Plaintiffs' motion for an Order approving this Fair Labor Standards Act ("FLSA") action settlement in the amount of EIGHTY FIVE THOUSAND ($85,000.00), inclusive of attorneys' fees, costs and disbursements, should be granted in all respects.

Dated: May 16, 2013

*/s/Craig P. Kalinoski*
CRAIG P. KALINOSKI, ESQ.
Supreme Court ID No. 90972
Member of the Bar, U.S.D.C., M.D. Pa.
Law Office of Craig P. Kalinoski
Scranton Bank Building, Suite 1202
108 N. Washington Avenue
Scranton, PA 18503
Telephone: 570-207-4000
Facsimile: 570-207-6900
Kalinoskilaw@aol.com

Steven Bennett Blau, Esq.
BLAU LEONARD LAW GROUP, LLC
115 River Road, Suite 1027
Edgewater, NJ 07020
(201) 212-6363
(631) 458-1011 (fax)
sblau@blauleonardlaw.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I, Steven Bennett Blau hereby certify that, on this date, I caused the foregoing Memorandum to be served upon the following via electronic filing on the ECF system:

>Justin G. Weber (PA 89266)
>PEPPER HAMILTON LLP
>100 Market Street, Suite 200
>Harrisburg, PA 17108-1181
>Telephone:  717.255.1155
>Facsimile:  717.238.0575
>Email: woodl@pepperlaw.com
>        weberjg@pepperlaw.com
>
>Admitted Pro Hac Vice
>David R. Ongaro
>Kyann C. Kalin
>Ameilia D. Winchester
>Ongaro Burtt LLP
>595 Market Street, Suite 610
>San Francisco, CA 94105
>Telephone:  415.433.3900
>Facsimile    415.433.3950
>Email:       kkalin@ongaroburtt.com
>
>Attorneys for Defendants
>TrueBlue, Inc., f/k/a Labor Ready, Inc.
>and Labor Ready Northeast, Inc.

Dated:  May 16, 2013

/s/ Steven Bennett Blau