IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STEPHEN BROWN, JR. et al., :
    Plaintiffs :
: No. 1:10-cv-00514
v. :
: (Judge Kane)
TRUEBLUE, INC., et al., :
    Defendants :

## MEMORANDUM

Plaintiffs move the Court to approve its proposed settlement of the above-captioned action brought under the Fair Labor Standards Act. (Doc. No. 111.) For the reasons that follow, the Court will grant Plaintiffs' motion in part.

## I. BACKGROUND

Plaintiffs filed the above-captioned class action in this Court on March 7, 2010. (Doc. No. 1.) In their complaint, Plaintiffs alleged that Defendants TrueBlue, Inc., and Labor Ready Northeast, Inc.'s wage policies resulted in Plaintiffs being paid less than minimum wage, and thus violated the Fair Labor Standards Act (FLSA) and Pennsylvania Wage and Hour Laws (PWHL). (Doc. No. 1 ¶ 1.) Following extensive discovery, the parties proceeded to arbitration and reached a proposed settlement of Plaintiffs' claims. (Doc. No. 109.) Plaintiffs filed an unopposed motion for approval on May 16, 2013, and submitted a copy of their proposed settlement agreement on July 25, 2013. (Doc. Nos. 112, 114-1.)

## II. DISCUSSION

Plaintiffs move for court approval of their proposed settlement agreement, and their proposed award of attorneys' fees. The Court will separately discuss each proposed award.

    **A. Proposed settlement agreement**

The Fair Labor Standards Act was designed to "protect certain groups of the population from substandard wages and excessive hours which endangered the national health and well-being and the free flow of goods in interstate commerce." Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 706 (1945). Pursuant to the FLSA, a collective action "may be maintained . . . by any one or more employees for and on behalf of themselves and other employees similarly situated." 29 U.S.C. § 216(b). If employees choose to bring an FLSA collective action in federal court, Section 216(b) of the FLSA requires the class members to "opt-in" by affirmatively indicating their consent to join the class.[1] Once employees present a proposed settlement agreement to the district court pursuant to Section 216(b), the Court may enter a stipulated judgment if it determines that the compromise "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." See Cuttic v. Crozer-Chester Medical Center, 868 F.Supp.2d 464, 466 (E.D.Pa. 2012).

Although the United States Court of Appeals for the Third Circuit has not directly addressed the factors district courts should weigh when evaluating FLSA settlements, other courts within this Circuit have relied on the considerations set forth in Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982). See Brumly v. Carmin Cargo Control, Inc., Nos. 08-1798, 10-2461, 09-6128, 2012 WL 1019337, at *2 (D.N.J. March 26, 2012); Altenbach v. Lube Center, Inc., No. 08-2178, 2013 WL 74251, at *1 (M.D.Pa. Jan. 4, 2013). Thus, the district court may find a proposed settlement agreement resolves a bona fide dispute when it "reflect[s] a reasonable compromise over issues, such as FLSA coverage or computation

---

[1] "No employee shall be a party plaintiff to any such action unless he gives consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b).

of back wages." Lynn's Food Stores, Inc., 679 F.2d at 1354. When determining whether a proposed settlement agreement merits approval, the Court must first consider whether the agreement is fair and reasonable, and then proceed to determine whether it furthers or frustrates the implementation of the FLSA. See Altenbach, 2013 WL 74251 at *1.

With respect to determining whether the agreement is fair and reasonable, the Third Circuit has not provided FLSA-specific criteria for district courts to use when evaluating the fairness and reasonableness of any proposed settlement agreement. Instead, district courts have relied on the factors set out by the Third Circuit for approving class action settlements pursuant to Federal Rule of Civil Procedure 23. See Girsh v. Jepson, 521 F.3d 157 (1975). The Girsh factors are as follows:

> (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) stage of the proceedings and the amount of discovery completed; (4) risks of establishing liability; (5) risk of establishing damages; (6) risk of maintaining the class action through the trial; (7) ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

521 F.2d at 157–58 (citation omitted).

Plaintiffs submit that the proposed settlement agreement is fair and reasonable. (Doc. No. 112 at 6.) Under the agreement, Defendant TrueBlue will pay the sum of $10,000.00 to each of the named Plaintiffs, Matthew Jury and Stephen Brown, Jr. (Doc. No. 114-2 ¶ 2(a-b).) Defendant TrueBlue will also pay $65,000.00 to Plaintiffs' counsel as an award of attorneys' fees. (Doc. No. 114-2 ¶ 2(c).) Following the Court's approval of the proposed settlement agreement, Plaintiffs will file a stipulation of dismissal with prejudice. (Doc. No. 114-2 ¶ 2.) Plaintiffs are required to keep the terms of the agreement confidential, save limited disclosures to

3

Plaintiffs' spouses and financial advisors. (Doc. No. 114-2 ¶ 10.)

In accordance with Girsh, Plaintiffs highlight the following in support of approval: (1) the proposed settlement provides "multiples of the maximum relief" available to each of the plaintiffs under the FLSA; (2) each of the plaintiffs has been advised in writing about the legal ramifications of the settlement and has consented; (3) counsel possessed sufficient information concerning the likelihood of success on the merits of the litigation; (4) the settlement resulted from extensive and hard-fought negotiations; (5) the expense and time involved in further litigation also weighs in favor of settlement; and (6) the settlement negotiations were vigorously conducted at arms-length. (Doc. No. 112 at 6-7.) Thus, Plaintiffs conclude that the proposed settlement is a "reasonable compromise of disputed issues," and therefore merits approval. (Doc. No. 112 at 8 (citing Lynn's Food Stores, 679 F.2d at 1354)).

Having reviewed Plaintiffs' submissions under the relevant Girsh factors, the Court finds that the amount of the proposed settlement is fair and reasonable. Defendants continue to expressly deny any wrongdoing and challenge the merits of Plaintiffs' complaint. (Doc. No. 112 at 7; Doc. No. 114-2 ¶ 1.) Defendants asserted twenty-one affirmative defenses to this action, including failure of class certification under Rule 23(d); failure to exhaust administrative remedies; and that the action is barred by the applicable statute of limitations. (Doc. No. 16.) Thus, by opting for settlement at this juncture, the parties will avoid the cost of a potentially lengthy and complex trial. Moreover, given the amount of discovery exchanged by the parties, the Court likewise finds that counsel possessed sufficient information to decide whether the risks of continuing to litigate this action outweighed any reduced recovery necessitated by settlement. (Doc. No. 112 at 7.)

Having found the proposed settlement agreement to be fair and reasonable to Plaintiffs, the Court proceeds to consider whether the agreement furthers or frustrates the implementation of the FLSA in the workplace. Per the settlement agreement, Plaintiffs are required to keep the terms of the settlement confidential or risk forfeiting their awards. (Doc. No. 114-2 ¶ 10.) The Court finds this confidentiality provision frustrates the implementation of the FLSA in the workplace, and therefore cannot approve it. There is "broad consensus" that FLSA settlement agreements should not be kept confidential. See Brumley v. Camin Cargo Control, Inc., No. 08-1798, 2012 WL 300583, at *3 (D.N.J. Feb. 1, 2012) (collecting cases).[2] Given that Section 10 of Plaintiffs' settlement agreement permits Defendant to retaliate against Plaintiffs for disclosing their settlement awards and promotes silencing employees who have vindicated their rights under the FLSA, the Court must reject Section 10.

B.     Attorneys' fees

The Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Because the language of the FLSA contemplates that the plaintiff-employee should receive his full wages, plus penalty, without incurring any expense for legal fees or costs, the FLSA requires the Court to evaluate the reasonableness of counsel's legal fees to assure both that counsel is adequately compensated and no conflict of interest taints the amount the wronged

---

[2] Courts have declined to keep FLSA settlement agreements confidential on the following grounds: (1) the general public interest in the content of documents upon which a court's decision is based, including a determination of whether to approve a settlement; and, (2) the "public-private character" of employee rights under the FLSA, whereby the public has an interest in assuring that employee wages are fair and do not endanger the national health and well-being. See Dees v. Hydradry, Inc., 706 F.Supp.2d 1227, 1242 (M.D. Fl. 2010).

employee recovers under the settlement agreement. Poulin v. Gen. Dynamics Shared Res., Inc., No. 09-58, 2010 WL 1813497, at *1 (W.D.Va. May 5, 2010).

Plaintiffs' counsel submitted a request for attorneys' fees in the amount of $65,000.00, which counsel argues is reasonable given the facts of the case. (Doc. No. 112 at 8.) The award of attorneys' fees in this action is authorized under the FLSA, which provides "a reasonable attorney's fee to be paid by the Defendant, and costs of the action" to a prevailing plaintiff. See Loughner v. Univ. of Pittsburgh, 260 F.3d 173, 177 (3d Cir. 2001). The award of attorneys' fees lies squarely within the discretion of the district court, and "a thorough judicial review of fee applications is required in all class action settlements." In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liability Litig., 55 F.3d 768, 819 (3d Cir. 1995); see also Penn Environ. Def. v. Canon-McMillan, 152 F.3d 228, 232 (3d Cir. 1998). Courts generally use the lodestar method in FLSA cases to calculate the attorneys' fee award, which requires the Court to multiply the number of hours reasonably expended on the matter by a reasonable hourly rate. Loughner, 260 F.3d at 178.

Although Plaintiffs' counsel argues that the Court should use the lodestar approach to evaluate their proposed award of attorneys' fees, counsel has not submitted any records documenting the time expended on the case, nor has counsel submitted any evidence supporting the reasonableness of its hourly rate. Because the Court must "articulate the basis for a fee award" when awarding attorneys' fees, see id., the Court declines to approve the requested attorneys' fees without any evidence supporting counsel's time calculation and hourly rate. See Gunter v. Ridgewood Energy Corp., 223 F.3d 190, 199 (3d Cir. 2000) (noting that "a court determines the lodestar by multiplying the number of hours counsel reasonably worked on a

client's case by a reasonable hourly billing rate for such services in a given geographical area provided by a lawyer of comparable experience").

### III.  CONCLUSION

For the foregoing reasons, the Court will approve Plaintiffs' proposed settlement agreement, with the exception of the requested attorneys' fees in the amount of $65,000.00, and the confidentiality provision contained in Paragraph 10.  Plaintiffs may, in accordance with the standard identified in this memorandum, submit evidence supporting their requested award of attorneys' fees.  An order consistent with this memorandum follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

STEPHEN BROWN, JR. et al., :
    Plaintiffs :
                                    :    No. 1:10-cv-00514
v. :
                                    :    (Judge Kane)
TRUEBLUE, INC., et al., :
    Defendants :

## ORDER

**AND NOW**, on this 24th day of September 2013, **IT IS HEREBY ORDERED THAT** Plaintiffs' motion for approval of its proposed settlement agreement (Doc. No. 111) is **GRANTED** with the exception of the confidentiality provision in Paragraph 10 (Doc. No. 114-2 ¶ 10) and the award of attorneys' fees in the amount of $65,000.00 (Doc. No. 114-2 ¶ 2(c)).

**IT IS FURTHER ORDERED THAT,** in accordance with the standard identified in the memorandum, Plaintiffs are directed to file any evidence supporting their proposed award of attorneys' fees within twenty-one days of the date of this order.

                                                       s/ Yvette Kane
                                                       Yvette Kane, District Judge
                                                       United States District Court
                                                       Middle District of Pennsylvania