UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN BROWN, JR. AND MATTHEW JURY, Individually, and on Behalf of all Others Similarly Situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| against- | ) ) | Civil No.:1:10-cv-00514-YK |
| | ) | Chief Judge Yvette Kane |
| TRUEBLUE, INC., f/k/a LABOR READY, INC. and LABOR READY NORTHEAST, INC., | ) ) ) | |
| | ) ) ) ) | |
| Defendants. | ) | |

## PLAINTIFFS' AMENDED APPLICATION FOR ATTORNEY'S FEES AND MEMORANDUM OF LAW IN SUPPORT THEREOF

### PRELIMINARY STATEMENT

By Order entered the 24th day of September 2013,(Doc. No. 115) the Court granted

Plaintiffs' motion for approval of its proposed FLSA settlement agreement (Doc.No. 111) , with

the exception of the award of attorney's fees in the amount of $65,000 (Doc. No. 114-2 ¶ 2(c ))

Plaintiffs were directed to file any evidence supporting their proposed award of attorney's fees

within 21 days of the date of the order. (Doc. No. 115)  In compliance with the Court's directive,

this Memorandum of Law is submitted together with the Declaration of Steven Bennett Blau, in

supplemental support of the application for approval of attorney's fees.

### STATEMENT OF FACTS

Plaintiffs' counsel has submitted contemporaneous and standardized time records that

1

identify the general subject matter of each time expenditure for which a reasonable award of attorney's fees in the limited amount of $65,000.00 is sought. (Blau Declaration, Exhibit "A") Plaintiffs' counsel has included only significant blocks of billing, primarily covering pleadings, motions, discovery responses, depositions and hearings/conferences. (Blau Declaration, ¶ 8) Omitted is billing for arbitration proceedings, drafting/review/receipt of correspondence and emails; document review; intra-office discussions and strategy sessions; investigation,; daily isolated billing events; settlement negotiations; and preparation and submission of a motion, two (2) Memoranda of Law, two (2) Declarations, supporting papers and exhibits for an Oder approving of this FLSA settlement and awarding attorney's fees. (Blau Declaration, ¶ 9)

Plaintiffs' counsel has exercised billing discretion by eliminating duplicative time; and any time that could conceivably be criticized as being spent inefficiently. In that regard, Defendants are not objecting to any aspect of this fee petition. (Blau Declaration, ¶ 12)

Plaintiffs' counsel is not seeking reimbursement for costs and disbursements expended in the prosecution of this litigation. These expenditures include, but are not limited to, court fees; deposition costs; legal research fees; copying fees; postage and expedited mail; investigative costs and expenditures for airfare, lodging and meals. (Blau Declaration, ¶ 11)

The hourly rates requested herein are fully consistent with the prevailing rates charged in this locality for legal services in the area of employment law by attorneys with similar qualifications and skills. The hourly rates requested reflect the difficulty of the legal issues and the extensive legal work performed in this litigation; $450/hr. for Steven Bennett Blau (a lawyer in practice for 37 years); and $375/hr. for Shelly A. Leonard (a lawyer in

practice for 14 years); and $375.00/hr. Jason T. Brown (a lawyer in practice for 16 years).

Time expended and billed by associate attorneys and paralegals is not included in

the calculations. (Blau Declaration, ¶ 10)

The claimed attorney's fee of $65,000.00 was incurred for time billed in the course of

litigation and is consistent with fees customarily charged to this firm's fee paying clients. All of

these hours were necessary and reasonable in the prosecution of this case and are accurate

reflections of counsels' true t i m e expenditures. (Blau Declaration, ¶ 16)

## PROCEDURAL STATEMENT

This action was commenced on March 7, 2010 by the filing of the Complaint [Docket

No. 1]. On May 17, 2010, issue was joined by service of an Answer, which contains no

reference or affirmative defense relating to arbitration [Docket No. 16]. A Joint Case

Management Plan was negotiated by the parties and presented to the Court [Docket No. 21].

During the next fifteen (15) months of litigation, the parties actively and extensively participated

in discovery and motion practice including, but not limited to, engaging in discovery conferences

with the Court; conducting three (3) full day depositions of both plaintiffs and a corporate officer

of Defendant; served and responded to multiple sets of interrogatories and document requests

served by each party; and engaged in the production and review of a significant volume of

documents.

Plaintiffs filed two (2) motions for conditional FLSA collective and Rule 23 class

certification [Docket Nos. 34 and 56]; Defendants affirmatively moved for an order to strike

plaintiffs' evidence in support of their motions for class certification [Docket No. 46], which was

opposed by Plaintiffs. [Docket No.72];  Defendants moved for an order for leave to file a

Surreply in opposition to plaintiffs' two (2) pending certification motions [Docket No.61]

3

Defendants filed a motion to Compel Arbitration [Docket No.63] ;Plaintiffs filed a brief in

opposition to the  motion to Compel Arbitration [Docket No.68]; Plaintiffs filed a motion for

Leave to File Surreply  [Docket No.70];Plaintiffs filed a supplemental letter brief pursuant to

Court Order [Docket No.73] ;Plaintiffs filed a Supplemental Letter  Brief  [Docket No.83]

pursuant to Court Order [Docket No.79]; Plaintiffs appeared and presented oral argument in

opposition to Defendant's motion to compel arbitration [Docket No.80,81]; Plaintiffs filed a

motion and supporting brief for reconsideration of the Order compelling arbitration and staying

the action[Docket No.86,87]; Plaintiffs filed a Reply to Defendant's opposition to the motion for

reconsideration. [Docket No.91]; Plaintiffs appeared and presented oral argument in support of

their motion for reconsideration. . [Docket No.95, 100]; Plaintiffs filed a supplemental letter brief

pursuant to Court Order. [Docket No.96, 97]

After the Court denied Plaintiffs' motion for reconsideration, the parties proceeded to

arbitration and engaged in proceedings, therein, until a settlement was reached and ultimately

approved by the Court.

## ARGUMENT

### POINT I.    THE STANDARD FOR AWARD OF ATTORNEY'S FEES

The award of attorney's fees is an essential element of an FLSA action. The remedial

nature of the Fair Labor Standards Act mandates fee shifting and payment of attorney's fees in

cases in which the Plaintiff is successful in reaching resolution. See *Uphoff v. Elegant Bath, Ltd.,*

176 F.3d 399, 406 (7th Cir.1999). The FLSA provides the court "shall, in addition to any

judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the

defendant and costs of action." 29 U.S.C. § 216(b). In general, an award of attorney's fees to a

4

prevailing plaintiff under the FLSA is mandatory, but the amount of the award is within the discretion of the judge. *Fegley v. Higgins*, 19 F.3d 275, 276 (6th Cir. 1994).

FLSA claims and wage-and-hour law enforcement through litigation has been found to be complex by the Supreme Court and lower courts. See, e.g. *Barrentine v. Arkansas-Best Freight Sys.*, 450 U.S. 728, 743 (1981); *Lenahan v. Sears, Roebuck & Co.*, 2006WL 2085282 (D.N.J. 2006) A settlement in the Plaintiff's favor is generally considered to be a "success" that requires the employer to pay attorney's fees reasonably incurred in the prosecution of the claim *Connolly v. National School Bus Services, Inc.*, 177 F.3d 593, 595 (7th Cir.1999). Under the controlling precedent, "the most critical factor in the [determination of a fee award] is the degree of success obtained." *City of Riverside v. Rivera*, 477 U.S. 561,585 (1986), citing *Hensley v. Eckerhardt*, 461 U.S. 424 at 436. "[W]hen a plaintiff bases his claims for relief on a common core of facts or on related legal theories and obtains excellent results, he should recover a full compensatory fee." *Spulak v. K Mart Corp.*, 894 F.2d 1150, 1160 (10th Cir. 1990), citing *Hensley*, supra. Where a party is awarded "virtually all of the relief it sought in its complaint, and . . . [it] obtained "excellent" results, it "should recover a fully compensatory fee."*NAACP v. Town of E. Haven,* 259 F.3d 113, 122 (2d Cir. 2001).

Here, settling Defendants do not oppose Plaintiffs' application for an Order awarding attorney's fees. In a statutory fee case, once the fee petitioner "submit[s] evidence supporting the hours worked and rates claimed," *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983)  the party opposing the fee application has the burden to challenge the reasonableness of the requested fee. *See Rode,* 892 F.2d at 1183. A district court should not "decrease a fee award based on factors not raised at all by the adverse party." *Bell v. United Princeton Props., Inc.,* 884 F.2d 713, 720 (3d Cir.1989).

5

Further, the courts have consistently held that an attorneys' fee award should not be reduced to achieve proportionality with the amount of the recovery. *See City of Riverside v. Rivera*, 477 U.S. 561, 575 (1986). The courts have long recognized that "[a]wards of attorney's fees substantially exceeding damages are not unusual in civil rights litigation." *Thorn v. Jefferson-Pilot Life Ins. Co.*, 445 F.3d 311, 328 n.20 (4th Cir. 2006) (citing *Mercer v. Duke Univ.*, 401 F.3d 199, 211-12 (4th Cir. 2005) (affirming $349,244 in attorney's fees awarded in Title IX suit yielding only nominal damage award). The same principal has been applied to FLSA cases. See *Almenarez, et al. v. J.T.T, Enterprises Corp.*, et al., 2010 WL 3385362 (D. Md. 2010) ($84,058 attorney fee award based on three out of eight plaintiffs obtaining judgments totaling $3,300 before liquidated damages).

If a district court does not fulfill its duty to apply the relevant legal precepts to a fee application, it abuses its discretion by not exercising it. See *Hensley*, 461 U.S.at 437  ("It remains important . . . for the district court to provide a concise but clear explanation of its reasons for the fee award."). As the Third Circuit Task Force on Court Awarded Attorney Fees, 108 F.R.D. 237 (1985) noted:

"district courts, in awarding attorneys' fees, may not reduce an award by a particular percentage or amount (albeit for justifiable reasons) in an arbitrary or indiscriminate fashion. If the court believes that a fee reduction . . . is indicated, it must analyze the circumstances requiring the reduction and its relation to the fee, and it must make specific findings to support its action."

*Id.* at 253 (quoting *Cunningham v. City of McKeesport*, 753 F.2d 262, 269 (3d Cir. 1985), vacated on other grounds, 478 U.S. 1015 (1986)

**POINT II.     THE PROPOSED AWARD OF ATTORNEYS' FEES IS REASONABLE**

Under Third Circuit law, a Court may evaluate the award of attorneys' fees through two established methods: (1) the lodestar approach, and (2) the percentage of the recovery approach. *In re Diet Drugs Product Liability Litig.*, 582 F.3d 524, 540 (3d Circ. 2009); *In re AT&T Corp.*, 455 F .3d 160, 164 (3d Circ. 2006). The award of attorneys' fees in this case is authorized under the Fair Labor Standards Act, which provides "a reasonable attorney's fee to be paid by the Defendant, and costs of the action" to a prevailing plaintiff. See 29 U.S.C. S 216(b). In cases like this, the courts traditionally use the "lodestar" formula. *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546 (1986); *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173 (3rd Cir., 2001) "When the applicant for a fee has carried his burden of showing that the claimed rates and number of hours are reasonable, the resulting product is presumed to be the reasonable fee to which counsel is entitled." *Delaware V alley Citizens' Council*, 478 U.S. at 564 (internal quotation omitted).

The lodestar amount is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *McKenna v. City of Phila.*, 582 F.3d 447, 455 (3d Cir. 2009) The resulting fee carries a "strong presumption" that it is the reasonable fee. *City of Burlington,,* 505 U.S. at 562; *Blum v. Stevenson,* 465 U.S. 886, 897 (1984).The lodestar is calculated according to prevailing market rates in the community for attorneys of comparable skill, reputation, and ability. *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 199 (3d Cir. 2000). The petitioner bears the burden of showing that the fees and costs requested are reasonable by producing evidence that supports the hours and costs claimed. See *In re Diet Drugs,* 582 F.3d 524, 538 (3d Cir. 2009).

1.   **Reasonable Hours**

When calculating the lodestar, a court should exclude hours that are "excessive, redundant, or otherwise unnecessary." *McKenna v. City of Phila.*, 582 F.3d 447, 455 (3d Cir. 2009). A court should also "reduce the hours claimed by the number of hours spent litigating claims on which the party did not succeed, that were distinct from the claims on which the party did succeed, and for which the fee petition inadequately documents the hours claimed." *Loughner v. Univ. of Pittsburgh,* 260 F.3d 173, 178 (3d Cir. 2001); *see also Rode v. Dellarciprete,* 892 F.2d 1177, 1183 (3d Cir. 1990).

Here, there are no billable hours which are excessive, redundant, or otherwise unnecessary. Plaintiffs' counsel succeeded on all claims and secured a maximum recovery under the FLSA. *Defendants are not contesting the claimed attorney's fees on any basis.* In addition, Plaintiffs' counsel has submitted contemporaneous and standardized time records that identify the general subject matter of each time expenditure for which a reasonable award of attorney's fees in the amount of $65,000.00 is sought. Plaintiffs' counsel has included only significant blocks of billing, primarily covering pleadings, motions, discovery responses, depositions and hearings/conferences. (Blau Declaration, ¶ 8)

Omitted is time billing for arbitration proceedings, drafting/review/receipt of correspondence and emails; document review; intra-office discussions and strategy sessions; investigation; daily isolated billing events; settlement negotiations; and preparation and submission of a motion, two (2) Memoranda of Law; two (2) Declarations, supporting papers and exhibits for an Order approving this FLSA settlement and awarding attorney's fees.

(Blau Declaration, ¶ 9)

Plaintiffs' counsel has exercised billing discretion by eliminating duplicative time; and any time that could conceivably be criticized as being spent inefficiently. (Blau Declaration, ¶ 12)

Plaintiffs' counsel seeks $65,000.00 for at least 403.35 hours of time expended in the prosecution of this action and conduct of arbitration. These hours were necessary and reasonable in the prosecution of this case and are accurate reflections of counsels' true t i m e expenditures. (Blau Declaration, ¶16)

## 2.    Hourly rate

The second figure that informs the lodestar is the reasonable hourly rate, calculated "according to the prevailing market rates in the community." *Smith v. Phila. Hous. Auth.,* 107 F.3d 223, 225 (3d Cir. 1997). The party seeking attorney's fees bears the burden of producing sufficient evidence of what constitutes a reasonable market rate. A reasonable hourly rate is "[g]enerally . . . calculated according to the prevailing market rates in the relevant community," taking into account "`the experience and skill of the . . . attorneys and compar[ing] their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Maldonado v. Houstoun,* 256 F.3d 181, 184 (3d Cir. 2001) (citing *Blum v. Stenson,* 465 U.S. 886, 895 (1984), and citing and quoting *Rode v. Dellarciprete,* 892 F.2d 1177, 1183 (3d Cir.1990)). District courts also may assign different rates to different tasks, regardless of who performs them.

If a party fails to meet that burden, "the district court must exercise its discretion in fixing a reasonable hourly rate." *See Washington v. Phila. Cnty. Court of Common Pleas,* 89 F.3d 1031,

1036 (3d Cir. 1996); *see also L.J. ex rel. V.J. v. Audubon Bd. of Educ.*, 373 F. App'x 294, 297

(3d Cir. 2010). District courts also may assign different rates to different tasks, regardless of who

performs them. "*Ursic v. Bethlehem Mines*, 719 F.2d 670, 677 (3d Cir.1983)). Determinations of

reasonable hourly rates are held to a clearly erroneous standard, and may be reversed only if they

are "'completely devoid of a credible evidentiary basis or bear [] no rational relationship to the

supporting data.'" *Shire U.S. Inc. v. Barr Labs., Inc.,* 329 F.3d 348, 352 (3d Cir. 2003)).

    "The starting point in determining a reasonable hourly rate is the attorneys' usual billing

rate, but this is not dispositive." *Pub. Interest Research Grp. of N.J., Inc. v. Windall,* 51 F.3d

1179, 1185 (3d Cir. 1995). Here, it is alleged that the usual current fees charged to clients of

BLAU LEONARD LAW GROUP, LLC are $450/hr. for Steven Bennett Blau (a lawyer in

practice for 37 years); and $375/hr. for Shelly A. Leonard (a lawyer in practice for 14 years);

and $375.00/hr. Jason T. Brown (a lawyer in practice for 16 years). Time expended and

billed by associate attorneys and paralegals is not included in the calculations.

(Blau Declaration, ¶ 10)

    When attorney's fees are awarded, the current market rate must be used. *See* review. *See*

*Rode v. Dellarciprete,* 892 F.2d 1177, 1183 (3d Cir.1990); *Rendine v. Pantzer,* 141 N.J. 292,

661 A.2d 1202 (1995). The current market rate is the rate at the time of the fee petition, not the

rate at the time the services were performed. *See Rode,* 892 F.2d at 1188-89 150*150

(describing petition based on current rates as premised on a theory of "delay compensation");

*Rendine,* 661 A.2d at 1227 ("To take into account delay in payment, the hourly rate at which

compensation is to be awarded should be based on current rates rather than those in effect

when the services were performed.").

The Third Circuit has previously approved the use of hourly fee schedules established by Community Legal Services ("CLS") to fashion an appropriate hourly rate in fee-shifting cases. See, e.g., Maldonado, 256 F.3d at 187-88. Numerous District Courts have followed this precedent. *Mary Courtney T. v. Sch. Dist. of Phila.*, 2009 WL 185426, at *3 (E.D. Pa. 2009); *Damien J. v. Sch. Dist. of Phila.,* 2008 WL 1815302, at *2 n.7, (E.D. Pa. 2008) (gathering cases); Tucker v. Phila. Housing Auth., 2005 WL 1607402, at *1-*2 (E.D. Pa. 2005); *Perkins v. Shinseki*, Civil Action No. 08-1244 (E.D. Pa., 2013)

The most current range of CLS Philadelphia hourly rates is included in the record as Exhibit "B" to the Blau Declaration and shows that attorneys with more than 25 years' experience, in which category Plaintiff's lead counsel, Steven Bennett Blau, is included, is $360-$460. Attorneys with similar experience to Shelly A. Leonard, Esq. (11-15 years' experience) bill out an hourly rate of $260-335 and Jason T. Brown, Esq. (16-20 years' experience) bill out an hourly rate of $305-350.00.

We submit that the holding in *Perkins* is instructive. There, taking into consideration the lead counsel's 25 years of legal experience in employment related matters, the Court concluded that the appropriate rate for the award of attorneys' fees for Mr. Shapiro's time, was "from the mid range of the CLS rate for administrative agency and pre- and post-trial work, at $400 per hour, and for $500 for summary judgment, final pretrial preparation, and trial."

Another factor for consideration is that Plaintiffs' counsel is not seeking reimbursement for costs and disbursements expended in the prosecution of this litigation. These expenditures include, but are not limited to, court fees; deposition costs; legal research fees; copying fees;

postage and expedited mail; investigative costs and expenditures for airfare, lodging and meals. (Blau Declaration, ¶ 11)

**3.    Recapitulation**

The hourly rates requested herein reflect the difficulty of the legal issues and the extensive legal work performed in this litigation; $450/hr. for Steven Bennett Blau (a lawyer in practice for 37 years); $375/hr. for Shelly A. Leonard (a lawyer in practice for 14 years); and $375/hr. for Jason T. Brown (a lawyer in practice for 16 years)

The breakdown is as follows:

| | | |
|---|---|---|
| Blau | 269.55 hrs @ $450.00 per hr............................ | $121,297.50 |
| Leonard | 55.80 hrs. @ $375.00 per hr.............................. | 20,925.00 |
| Brown | 78.00 hrs. @ $375.00 per hr.............................. | 29,250.00 |
| TOTAL | 403.35hrs. | $171,472.50 |

*The attorney's fees sought herein in the amount of $65,000.00 represent 38% of the total billable hours that were necessary and reasonable in the prosecution of this case.*

In summary, the hourly rates requested herein are fully consistent with the prevailing rates charged in this locality for legal services in the area of employment law by attorneys with similar qualifications and skills. The hourly rates requested reflect the difficulty of the legal issues and the extensive legal work performed in this litigation. The claimed attorney's

fee of $65,000.00 was incurred in the course of litigation and is consistent with fees customarily charged to the firm's fee paying clients.  All of these billed hours were necessary and reasonable in the prosecution of this case and are accurate reflections of counsels' true t i m e  expenditures. (Blau Declaration, ¶16)

## IN CONCLUSION

Plaintiffs' motion for an Order approving an award of attorney's fees in the amount of $65,000.00 inclusive of costs and disbursements, should be granted in all respects.

Dated: October 16, 2013

/s/Craig P. Kalinoski

CRAIG P. KALINOSKI, ESQ.
Supreme Court ID No. 90972
Member of the Bar, U.S.D.C., M.D. Pa.
Law Office of Craig P. Kalinoski
Scranton Bank Building, Suite 1202
108 N. Washington Avenue
Scranton, PA 18503
Telephone: 570-207-4000
Facsimile: 570-207-6900
Kalinoskilaw@aol.com

Steven Bennett Blau, Esq.
BLAU LEONARD LAW GROUP, LLC
115 River Road, Suite 1027
Edgewater, NJ 07020
(201) 212-6363
sblau@blauleonardlaw.com
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I, STEVEN BENNETT BLAU, hereby certify that, on this date, I caused the

foregoing PLAINTIFFS" AMENDED APPLICATION FOR ATTORNEY'S FEES AND

MEMORANDUM OF LAW IN SUPPORT THEREOF, to be served upon the following

via electronic filing on the ECF system:

> Justin G. Weber (PA 89266)
> PEPPER HAMILTON LLP
> 100 Market Street, Suite 200
> Harrisburg, PA 17108-1181
> Telephone:  717.255.1155
> Facsimile:  717.238.0575
> Email: woodl@pepperlaw.com
>         weberjg@pepperlaw.com
>
> Admitted Pro Hac Vice
> David R. Ongaro
> Kyann C. Kalin
> Ameilia D. Winchester
> Ongaro Burtt LLP
> 595 Market Street, Suite 610
> San Francisco, CA 94105
> Telephone:  415.433.3900
> Facsimile   415.433.3950
> Email:      kkalin@ongaroburtt.com
>
> Attorneys for Defendants
> TrueBlue, Inc., f/k/a Labor Ready, Inc.
> and Labor Ready Northeast, Inc.

Dated: October 16, 2013

                    /s/Steven Bennett Blau