IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STEPHEN BROWN, JR. et al.,  :
    Plaintiffs  :
                                                       :   No. 1:10-cv-00514
v.  :
                                                     :   (Judge Kane)
TRUEBLUE, INC., et al.,  :
    Defendants  :

**MEMORANDUM**

Plaintiffs move the Court to approve its proposed award of attorneys' fees in the above-captioned action brought under the Fair Labor Standards Act. (Doc. No. 111.) Plaintiffs' motion is unopposed. For the reasons that follow, the Court will grant Plaintiffs' motion.

**I.    BACKGROUND**

Plaintiffs filed the above-captioned class action in this Court on March 7, 2010. (Doc. No. 1.) In their complaint, Plaintiffs alleged that Defendants TrueBlue and Labor Ready Northeast's wage policies resulted in Plaintiffs being paid less than minimum wage, and thus violated the Fair Labor Standards Act (FLSA) and Pennsylvania Wage and Hour Laws (PWHL). (Doc. No. 1 ¶ 1.) Following extensive discovery, the parties proceeded to arbitration and reached a proposed settlement of Plaintiffs' claims. (Doc. No. 109.) Plaintiffs filed an unopposed motion for approval on May 16, 2013, and submitted a copy of their proposed settlement agreement on July 25, 2013. (Doc. Nos. 112, 114-1.)

On September 24, 2013, the Court approved the proposed settlement agreement in part, and requested that the parties submit evidence supporting their proposed award of attorneys' fees. (Doc. No. 115.) Plaintiffs timely filed an amended application for their requested fees, and a memorandum in support. (Doc. No. 116.)

1

## II.     DISCUSSION

Pursuant to the Fair Labor Standards Act, the Court is authorized to award "a reasonable attorney's fee to be paid by the defendant, and costs of the action," in addition to any judgment awarded to the plaintiffs.  29 U.S.C. § 216(b).  To arrive at a "reasonable attorneys' fee award," courts generally uses the lodestar method in FLSA cases to calculate the attorneys' fee award. <u>Loughner v. Univ. of Pittsburgh</u>, 260 F.3d 173, 178 (3d Cir. 2001).  Calculating the lodestar requires multiplying the number of hours reasonably expended on the case by a reasonable hourly rate.  <u>Maldonado v. Houston</u>, 256 F.3d 181, 184 (3d Cir. 2001).  Because the language of the FLSA contemplates that the plaintiff-employee should receive his full wages, plus penalty, without incurring any expense for legal fees or costs, the FLSA requires the Court to evaluate the reasonableness of counsel's legal fees to assure both that counsel is adequately compensated and no conflict of interest taints the amount the wronged employee recovers under the settlement agreement.  <u>Poulin v. Gen. Dynamics Shared Res., Inc.</u>, No. 09-58, 2010 WL 1813497, at *1 (W.D.Va. May 5, 2010).

Plaintiffs' attorneys contend that they spent 403.35 hours working on this case, resulting in a lodestar amount of $171,472.50.  (Doc. No. 116 at 12.)  The fees break down as follows:

| | | | |
|---|---|---|---|
| 1. | Steven Bennet Blau: | 269.55 hours at $450.00 per hour | $121,297.50 |
| 2. | Shelly A. Leonard: | 55.80 hours at $375.00 per hour | $20, 925.00 |
| 3. | Jason T. Brown: | 78.00 hours at $375.00 per hour | $29,250.00 |
| | Totals: | 403.35 hours | $171,472.50. |

Plaintiffs' counsel submitted a request for attorneys' fees in the amount of $65,000.00, which counsel argues is reasonable given the facts of the case and the fact that it represents only

2

thirty-eight percent of the total lodestar amount.  See Wash. v. Phila. Cnty. Court of Common Pleas, 89 F.3d 1031, 1035 (3d Cir. 1996) ("The lodestar is strongly presumed to yield a reasonable fee.").  The Court will first examine whether the number of hours expended on this litigation was reasonable, and then proceed to whether the hourly rates are reasonable.

      **A.**      **Reasonable hours**

To determine the number of hours used in calculating the lodestar, courts must exclude hours that are "excessive, redundant, or otherwise unnecessary."  McKenna v. City of Phila., 582 F.3d 447, 455 (3d Cir. 2009).  Despite the calculated lodestar amount, the court has "discretion in determining the amount of a fee award."  Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).  This discretion extends to an independent review of the requested fees to determine if they were reasonably incurred: "[t]he district court should exclude from this initial fee calculation hours that were not reasonably expended."  Id. at 434.  However, the court may not sua sponte reduce a fee award.  Bell v. United Princeton Props., Inc., 884 F.2d 713, 719 (3d Cir. 1989).

On reviewing the parties' records, the Court finds that the hours expended in this matter are reasonable.  Plaintiffs' counsel submitted contemporaneous and standardized time records that identify the general subject matter of each time expenditure.  The Court finds that the hours cover the preparation of pleadings, motions, discovery responses, depositions, and hearing, and are not excessive, redundant, or otherwise unnecessary.  (Doc. No. 116-1 ¶ 8.)  The Court also notes that counsel omitted from consideration any hours expended on arbitration, drafting, review, and receipt of correspondence and emails, and, time spent preparing the supporting papers and exhibits for its application for settlement approval and attorneys' fees.  (Doc. No. 116-1 ¶ 9.)  Thus, the Court will approve the number of hours submitted by Plaintiff.

**B.     Hourly rates**

The reasonable hourly rate is calculated "according to the prevailing market rates in the community." Smith v. Phila. Hous. Auth., 107 F.3d 223, 225 (3d Cir. 1997).  When determining the proper hourly rate, the Court must consider prevailing market rates and the skill and experience of the prevailing parties' attorneys.  Id.  The party seeking attorneys' fees bears the burden of producing sufficient evidence of what constitutes a reasonable market rate.  If a party fails to meet that burden, the district court may exercise its discretion in fixing a reasonable hourly rate.  Phila. Cnty. Court of Common Pleas, 89 F.3d at 1036.  However, the district court cannot "decrease a fee award based on factors not raised at all by the adverse party."  Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990).

The Court finds that the following hourly rates: $450 per hour for Steven Blau (27 years of experience); $375 per hour for Shelly Leonard (14 years of experience); and $375 per hour for Jason Brown (16 years of experience), are consistent with the prevailing rates charged in this locality for legal services in the area of employment law by attorneys with similar qualifications and skills.  (Doc. No. 116 at 12.)  Instructive is the current Community Legal Services recommended hourly fee schedule for attorneys working in the Philadelphia area.  (Doc. No. 116-3.)  The Court finds that Plaintiffs' suggested hourly rates are generally in line with the range of hourly rates established by Community Legal Services, although the rates charged by Shelly Leonard and Jason Brown each exceed the recommended rate by a small amount.  Accordingly, the Court will approve the hourly rate used by Plaintiffs' counsel in calculating the lodestar.  See Maldonado, 256 F.3d at 187-88.

**III.     CONCLUSION**

The Court will approve the proposed attorneys' fee award of $65,000, which represents thirty-eight percent of the amount yielded by the lodestar. Having reviewed counsel's contemporaneous time records (Doc. No. 116-2), Attorney Stephen Blau's affidavit (Doc. No. 116-1), and the Community Legal Services recommended fee schedule (Doc. No. 116-3), the Court finds that Plaintiffs' requested attorneys' fees in the amount of $65,000.00 is reasonable and therefore merits approval. An order consistent with this memorandum follows.